UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

FILED
VANESSA L. ARMSTRONG, CLERK
JUL 17 2017
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES OF AMERICA

v.

JAMES GRANT KING

INFORMATION

NO. 5:17-CR-28-TBR

18 U.S.C. § 981
18 U.S.C. § 982
18 U.S.C. § 1028A
18 U.S.C. § 1343
28 U.S.C. § 2461

The United States Attorney charges:

COUNT 1
(Wire Fraud)

1. From on or about an unknown date but by at least March of 2007 through May of 2017, in the Western District of Kentucky, McCracken County, Kentucky, and elsewhere, JAMES GRANT KING, the defendant, with the intent to defraud, knowingly devised a scheme and artifice to defraud and obtain money from numerous individuals, by materially false and fraudulent pretenses, representations, and promises.

Scheme and Artifice to Defraud

2. At all times relevant to this Information, JAMES GRANT KING, was an attorney licensed with the Kentucky Bar Association who was authorized to practice law in the Commonwealth of Kentucky. JAMES GRANT KING practiced as a plaintiff's attorney for numerous clients within the Western District of Kentucky and elsewhere. These clients came to JAMES GRANT KING as victims seeking his services in order to recover monetary damages and other remedies under various theories of Kentucky tort law. JAMES GRANT KING would

gather information from these clients and then falsely tell them that they either did not have viable causes of action or, if they had viable causes of action, tell these clients that their cases were less valuable than they actually were. JAMES GRANT KING would then submit this information to various insurance companies and seek settlements. The insurance companies would then settle the cases for amounts ranging from $8,000 to $270,000. JAMES GRANT KING would then tell the client that he was still awaiting resolution and settlement of the case with the insurance company, even though the insurance company had already settled the case and sent the full settlement amount to JAMES GRANT KING. JAMES GRANT KING then would keep either most or all of the full settlement amount for himself. JAMES GRANT KING would sometimes pay small amounts of money to clients who contacted him about the status of their cases in order to manage their inquiries, knowing that he had already collected the full settlement amounts from the insurance companies. JAMES GRANT KING wrongfully kept at least $550,000 in settlement amounts that should have gone to his clients.

Interstate Wire Communications

3.   On or about May 14, 2014, in the Western District of Kentucky, for the purpose of executing or attempting to execute the above-described scheme and artifice to defraud and deprive, JAMES GRANT KING knowingly caused a signal to be transmitted by wire communication in interstate and foreign commerce, to wit: the deposit of check number ▆▆▆▆▆ in the amount of $50,000, made payable to JAMES GRANT KING and R.F., which was drawn on the USAA General Indemnity Company account number ▆▆▆▆▆ in San Antonio, Texas, that cleared through the Federal Reserve Bank in Boston, Massachusetts, and was deposited into JAMES GRANT KING's account at First National Bank located in Paducah, Kentucky.

In violation of Title 18, United States Code, Section 1343.

The United States Attorney further charges:

## COUNT 2
(Aggravated Identity Theft)

4.   On or about May 14, 2014, in the Western District of Kentucky, McCracken County, Kentucky, JAMES GRANT KING, the defendant, did knowingly use, without lawful authority, a means of identification of another person, specifically the forged signature of R.F., during and in relation to the felony described in Count 1 of this Information, knowing that the means of identification belonged to an actual person.

In violation of Title 18, United States Code, Section 1028A(a)(1).

The United States Attorney further charges:

## COUNT 3
(Wire Fraud)

5.   Between on or about August 11, 2015 and November 3, 2015, in the Western District of Kentucky, McCracken County, Kentucky, JAMES GRANT KING, the defendant, devised and intended to devise a scheme to defraud and obtain money from B.J. by means of materially false and fraudulent pretenses and representations, and for the purpose of executing said scheme, did knowingly cause a signal to be transmitted by wire communication in interstate and foreign commerce, to wit:  B.J. loaned $97,500 to JAMES GRANT KING and, as collateral for the loan, JAMES GRANT KING transferred the title of a Phoenix Model 920 Pro XP boat, bearing HIN CJJP7185B313, to B.J. However, on or about November 3, 2015, JAMES GRANT KING applied for a duplicate title to the Phoenix Model 920 Pro XP boat, bearing HIN CJJP7185B313, and then, unbeknownst to B.J., sold the Phoenix Model 920 Pro XP boat, bearing HIN CJJP7185B313, without repaying the $97,500 loan to B.J. During the course of the scheme, JAMES GRANT KING caused the following interstate and foreign wire communication, to wit:

the deposit of check number ▮▮ in the amount of $97,500, made payable to JAMES GRANT KING, which was drawn on B.J.'s account number ▮▮▮▮▮▮ with Regions Bank in Paducah, Kentucky that cleared through the Federal Reserve Bank in Saint Louis, Missouri.

In violation of Title 18, United States Code, Section 1343.

## NOTICE OF FORFEITURE

6. If convicted of any violation of Title 18, United States Code, Sections 1028A and 1343, JAMES GRANT KING, the defendant, shall forfeit to the United States any property constituting or derived from any proceeds obtained, directly or indirectly, as the result of any such violation and any property involved therein.

Pursuant to Title 18, United States Code, Sections 981 and 982, and Title 28, United States Code, Section 2461.

Respectfully Submitted,

_____
JOHN E. KUHN, JR.
United States Attorney
Western District of Kentucky

UNITED STATES OF AMERICA v. JAMES GRANT KING

## PENALTIES

Counts 1 & 3:  NM 20 yrs. / $250,000 / both / NM 3 yrs. Supervised Release (each count)
Count 2: NL/NM 2 yrs. / $250,000 / both / NM 1 yr. Supervised Release (consecutive to any other sentence)
Forfeiture

## NOTICE

**ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.**

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

| | | | |
|---|---|---|---|
| Misdemeanor: | $ 25 per count/individual | Felony: | $100 per count/individual |
| | $125 per count/other | | $400 per count/other |

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due _immediately_ unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following:**

1. **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

    For offenses occurring after December 12, 1987:

    No **INTEREST** will accrue on fines under $2,500.00.

    **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

    **PENALTIES** of:

    10% of fine balance if payment more than 30 days late.

    15% of fine balance if payment more than 90 days late.

2. Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3. Continuous **GARNISHMENT** may apply until your fine is paid.

    18 U.S.C. §§ 3612, 3613

    If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law. 18 U.S.C. § 3663

APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1. That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2. Give bond for payment thereof.

18 U.S.C. § 3572(g)

PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

LOUISVILLE:  Clerk, U.S. District Court
106 Gene Snyder U.S. Courthouse
601 West Broadway
Louisville, KY  40202
502/625-3500

BOWLING GREEN:  Clerk, U.S. District Court
120 Federal Building
241 East Main Street
Bowling Green, KY  42101
270/393-2500

OWENSBORO:  Clerk, U.S. District Court
126 Federal Building
423 Frederica
Owensboro, KY  42301
270/689-4400

PADUCAH:  Clerk, U.S. District Court
127 Federal Building
501 Broadway
Paducah, KY  42001
270/415-6400

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.